IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re: )
)
William Luker and )
Sherae Luker, ) Case No.: 04-44005-BGC-13
)
Debtors. )

**ORDER**

**I. Facts**

The matters before the Court are the Application of Thomas M. Semmes Attorney for Debtors for Compensation filed on September 27, 2005, and the Trustee's Objection to Application for Compensation Filed by Debtors' Attorney filed on October 14, 2005. After notice, a hearing was held on November 9, 2005. Appearing were Thomas Semmes for the debtor; Linda Gore, the Chapter 13 Trustee; Frank LaBudde, an expert witness; and John Caraway, an expert witness. The debtors did not appear and no one appeared on their behalf.

The Bankruptcy Administrator filed its Statement of Review Regarding Application for Compensation Filed by Thomas M. Semmes, Attorney for Debtors recommending approval of the application for compensation.

The debtors filed this Chapter 13 case on November 30, 2004. Mr. Semmes, the applicant here, represented the debtors. The debtor's Chapter 13 plan was not confirmed and on September 7, 2005, the debtors filed a pro se motion asking this Court to dismiss this case. Based on the debtors' request, this Court entered an order on September 15, 2005, dismissing this case. Mr. Semmes filed the pending application for attorney's fees on September 27, 2005.

**II. Conclusions of Law**

In reviewing the pending application, this Court has applied those standards discussed by the Circuit court in Grant v. George Schumann Tire and Battery Co., 908 F.2d 874 (11th Cir. 1990). Writing for the court, Circuit Judge Frank M. Johnson, Jr. explained:

> In determining attorney's fees, a judge must 1) determine the nature and extent of the services rendered; 2) determine the value of those services; and 3) consider the factors laid out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) and explain how they

affect the award. Matter of First Colonial Corp. of America, 544 F.2d 1291, 1299-1300 (5th Cir.), cert. denied sub nom., Baddock v. American Benefit Life Ins. Co., 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). In the bankruptcy context, the judge must also consider whether the bankruptcy assets were administered as economically as possible and whether any of the services rendered were duplicative or non-legal. Matter of U.S. Golf Corp., 639 F.2d 1197, 1201 (5th Cir.1981). Bankruptcy judges and district courts have broad discretion in determining attorney's fees for bankruptcy proceedings; the exercise of that discretion will not be disturbed absent abuse of discretion. Matter of First Colonial, 544 F.2d at 1298. Bankruptcy and district court judges may abuse their discretion by failing to apply proper legal standards, by failing to follow proper procedures, or by basing the award on findings of fact that are clearly erroneous. Id.

Id. at 877-78 (footnotes omitted). See also In re Celotex Corp., 227 F.3d 1336, 1341 (11th Cir.(Fla.) 2000).

Section 330 of the Bankruptcy code offers this guidance:

In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy
field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330 (as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, PL 109-8 (S 256), April 20, 2005).

2

Two witnesses, both attorneys with extensive bankruptcy practices in the Eastern Division of the Northern District of Alabama, testified as experts for the applicant. Both supported the applicant's positions that the nature and extent of the services rendered were necessary and reasonable, and that the value of those services was reasonable. And based on its experience, the evidence presented, and the Court's records of the matters filed and the proceedings held in this case, this Court agrees.

As discussed above, in Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir.1990), the Court of Appeals for the Eleventh Circuit held that a bankruptcy judge should consider the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) in awarding a fee. Those factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 878, n.9.

This Court has considered those factors and finds that the work performed was reasonable and necessary, and that the time and labor involved was reasonable. The time spent on that work was reasonable. And the hourly rate charged for the work performed was within the acceptable range in the community in which the work was performed.

The Chapter 13 trustee filed her Trustee's Objection to Application for Compensation Filed by Debtors' Attorney on October 14, 2005. And while the trustee does not object to the application per se, and does not object to the specific amount requested, the trustee objects to the suggestion that the funds paid to the debtors after the case was dismissed should have been held by the trustee while waiting for the filing of an application for compensation.

The Court agrees with the trustee in this regard. If all costs and expenses, that must be paid before the attorneys fees may be paid, have been satisfied, the trustee should pay any funds on hand to the applicant and that amount should be deducted from the amount awarded. Whatever amount remains shall constitute a debt of the debtors to the applicant. The trustee is not responsible for satisfying that debt. In that regard the trustee's objection is due to be overruled in part and sustained in part.

Unrelated to the pending matters, the Court is aware (because of the items identified below and filed in this case), that Mrs. Luker filed a complaint against the applicant with the Alabama Bar Association. The applicant responded to that complaint. See Proceeding No. 77 in this case filed by the applicant. On October 13, 2005, the Office of General Counsel for the Bar wrote Mrs. Luker and explained that after reviewing the complaint, the Bar Association would not take any action on the complaint. See Proceeding No. 78 in this case filed by the applicant.

In making its decision, this Court did not consider, as it should not have, the current disagreements between the debtors and the applicant. This Court's award of attorney fees to the applicant is made independent of Mrs. Luker's complaint, the applicant's response to that complaint, and the decision by the Bar Association. This order should not be taken as any comment on that situation as this Court should not, has not, and will not, review that matter.

This Court is also aware that the debtors filed a new bankruptcy case, case no. 05-11574-BGC-7, on October 14, 2005. That petition was flied in the Southern Division of the Northern District of Alabama, although the home address listed on that petition was 123 Eastbrook Drive, Oxford, Al 36203, a location in the Eastern Division of this Dictrict.

On November 28, 2005, Mr. Semmes, the applicant here, filed a Motion to Transfer this case to the Eastern Division. A hearing was held on that motion on December 20, 2005. Debtors' counsel consented to the motion and an order transferring the case to the Eastern Division was entered on December 27, 2005.

Again, this Court's award of attorney fees to the applicant is made independent of the debtors' filing of their current case.

### III. Order

Based on the above, it is therefore **ORDERED, ADJUDGED and DECREED** that:

1. The Application of Thomas M. Semmes Attorney for Debtors for Compensation is **GRANTED**; and

2. The Trustee's Objection to Application for Compensation Filed by Debtors' Attorney is **OVERRULED** in part and **SUSTAINED** in part as is explained above;

4

3. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

Dated: January 3, 2006                    /s/Benjamin Cohen
                                          BENJAMIN COHEN
                                          United States Bankruptcy Judge

BC:pb

cc:   Debtors
      Mr. Thomas Semmes
      Ms. Linda Gore, Chapter 13 Trustee
      Case No. 05-11574-BGC-7
      Mr. George Babakitis